IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

BUDDY J. EDWARDS,           )
                            )
            Plaintiff,      )
                            )
        v.                  )    No. 12-4072-SSA-CV-C-MJW
                            )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration,  )
                            )
            Defendant.      )

## ORDER

Plaintiff, Buddy J. Edwards, seeks judicial review[1], of a final administrative decision denying him disability benefits under Title II of 42 U.S.C. § 401 *et seq.* Section 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on June 17, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff filed applications for disability and disability insurance benefits on February 9, 2004, alleging he became disabled and has not performed substantial gainful activity since April 15, 2003. Plaintiff was thirty-eight (38) years of age on his alleged date of disability. Plaintiff has past relevant work activity as a cylinder head specialist.

Plaintiff's applications were denied initially on April 30, 2004. Plaintiff requested a hearing on July 2, 2004, and the hearing was held in Creve Coeur, Missouri, on February 14, 2006. Plaintiff appeared and testified on his own behalf. On May 16, 2006, the Honorable James K. Steitz, Administrative Law Judge (ALJ), entered a decision which was not favorable to plaintiff. The ALJ found that plaintiff was not disabled as defined by law and was not entitled to disability insurance benefits. Plaintiff filed a Request for Review of Hearing and on September 27, 2006, the Appeals Council remanded plaintiff's case to an ALJ for further proceedings. On July 16, 2007, a supplemental hearing was held in Columbia, Missouri, before the Honorable F. Terrell Eckert, Jr., Administrative Law Judge. On November 4, 2007, Judge Eckert entered an

unfavorable decision for plaintiff. Judge Eckert found that plaintiff was not disabled as defined by law and was not entitled to disability insurance benefits. On January 9, 2008, plaintiff filed a Request for Review of Hearing and on April 4, 2008, Judge Eckert's decision was affirmed by the Appeals Council. The decision of the ALJ, as affirmed by the Appeals Council, is a final decision of the Commissioner of Social Security.

An action was filed with this Court on May 1, 2008, and on February 12, 2009, the case was remanded to the Commissioner for further proceedings. On July 10, 2009, a third hearing was held in Columbia, Missouri, before the Honorable Robert E. Ritter, Administrative Law Judge. On April 27, 2010, Judge Ritter entered a decision that was not favorable to plaintiff. Judge Ritter found that plaintiff was not disabled as defined by law and was not entitled to disability insurance benefits. On May 14, 2010, plaintiff filed his exceptions with the Appeals Council and on January 25, 2012, Judge Ritter's decision was affirmed by the Appeals Council. The decision of the ALJ as affirmed by the Appeals Council is a final decision of the Commissioner of Social Security.

In order to be eligible for disability benefits under the Social Security Act, an individual must meet the insured requirements, be under the age of 65, file an application, and be under a disability as defined by 42 U.S.C. § 423(d)(1)(A).

The ALJ's decision concluded that plaintiff met the disability insured status requirements of the Social Security Act on April 15, 2003, and that plaintiff has not engaged in substantial gainful activity since at least April 15, 2003. The ALJ determined plaintiff suffered from foot pain, sleep apnea, alcohol abuse, coronary artery disease, Hepatitis C, cognitive disorder NOS, and anxiety disorder NOS, but did not have an impairment or combination of impairments listed in, or medically equal to, the appropriate listings set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 .C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). The ALJ did not find two or more mental impairments that would satisfy the "paragraph B" criteria, in the fourth step of the evaluation. The ALJ went on to determine that while plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the finding that plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the nonexertional

limitation of avoiding crowded work environments. Based on the testimony of a vocational expert, the ALJ found that plaintiff was capable of performing past relevant work as a cylinder head specialist, and in the alternative, plaintiff has the ability to perform other occupations with jobs existing in significant numbers in the national economy, including a machine operator, assembler, or packer.

Plaintiff alleges the ALJ erred in finding (1) that plaintiff had the RFC to perform a full range of work at all exertional levels with the sole nonexertional limitation of a need to avoid crowded work environments, and (2) that plaintiff could return to his past relevant work as a cylinder head specialist.

The Commissioner has responded in opposition, arguing that the ALJ properly evaluated the evidence of record and found plaintiff's RFC to be at a capacity to perform a full range of work at all exertional levels with the limitation of needing to avoid crowded work environments. The Commissioner further asserts the ALJ properly determined plaintiff's RFC and relied on the vocational expert's testimony to conclude that plaintiff was capable of returning to his past relevant work, or in the alternative, that plaintiff has the ability to perform other occupations with jobs existing in significant numbers in the national economy, including a machine operator, assembler, or packer.

After reviewing this case in its entirety, and considering the arguments of the parties presented at oral argument on June 17, 2013, this Court finds that, despite a thorough opinion by the ALJ, this case must be remanded to the Commissioner. Remand is necessary for proper consideration and determination of plaintiff's RFC and plaintiff's ability to perform past relevant work based on the finding of his RFC, and to pose a hypothetical to the vocational expert based on the RFC that is found. The Court agrees with plaintiff that after a careful review of the transcript, no hypothetical based on plaintiff's RFC was asked by the ALJ to the vocational expert. The Court further agrees with plaintiff that the determination made by the ALJ is not supported by substantial evidence, and remand is proper for further consideration regarding plaintiff's RFC and to evaluate plaintiff's ability to perform past relevant work.

It is well settled law in this circuit that a finding of residual functional capacity is a medical finding that must be supported by medical opinion and evidence. Lewis v. Barnhart,

353 F.3d 642, 646 (8th Cir. 2003), discussed the requirements of a valid finding of RFC and quoted earlier cases stating that:

> Step four requires the ALJ to consider the claimant's residual functional capacity (RFC) and the physical and mental demands of the claimant's past work. When determining a claimant's RFC, the ALJ's determination must be supported by medical evidence that addresses the claimant's ability to function in the workplace. RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations. Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC…

Id. at 645-46.

The ALJ in this case has failed to refer to the abundant medical records of plaintiff's treatment for exertional limitations prior to December 31, 2006, which included testimony of Dr. McWilliams and Dr. Musick. Plaintiff is attempting to show he was disabled prior to December 31, 2006, the last date he was insured, thus evaluation of medical records prior to this date is proper. "Evidence of a disability subsequent to the expiration of one's insured status can be relevant, however, in helping to elucidate a medical condition during the time for which benefits might be rewarded." Pyland v. Apfel, 149 F.3d 873, 877 (8th Cir. 1998) (citing Fowler v. Bowen, 866 F.2d 249, 252 (8th Cir.1989)).

Remand is also necessary for consideration as to plaintiff's ability to return to past relevant work. The ALJ is required to engage in an explicit analysis regarding the physical and mental demands of the plaintiff's past relevant work, and compare those demands with the plaintiff's RFC to determine whether or not the plaintiff could perform the relevant duties of such work. Lowe v. Apfel, 226 F.3d 969, 971 (8th Cir. 2000). The ALJ in this case has failed to make such findings into the mental and physical requirements of cylinder head repairer.

Finally, after the ALJ has elucidated the findings as to plaintiff's RFC and his ability to perform past relevant work, a hypothetical should be posed to a vocational expert that is consistent with these findings. Following a careful reading of the transcript, the vocational expert was never posed a question based on the RFC that was found by the ALJ. Several hypothetical situations were asked to the vocational expert, but none were asked assuming an individual with no exertional restriction and only nonexertional limitations of needing to avoid crowded work environments.

Remand is proper in this case for the following reasons: (1) to properly determine the plaintiff's RFC; (2) to determine plaintiff's ability to perform past relevant work, and (3) to pose a hypothetical to the vocational expert that is consistent with the findings of plaintiff's RFC and his ability to perform past relevant work. Consideration of medical records prior to December 31, 2006, should be taken.

## Conclusion

Because of the errors set forth above, this Court finds that the ALJ's opinion is not supported by substantial evidence in the record.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner for further development of the record.

Dated this 25th day of June, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge